IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

KHOR CHIN LIM,

                Plaintiff,          OPINION AND ORDER

v.

                                          21-cv-781-wmc

GOH CHOK TONG, BARACK OBAMA,
JP MORGAN CHASE BANK, N.A.,
JAMIE DIMON, JORGE LUIS ALONSO,
MARK GRIFFITHS, JAMES TANSEY,
MICHELE POPIELEWSKI,
JASON SOLLIS, JOSE RODRIGUEZ,
DARRELL MILLS, FIDEL
ECHEVARRIA, FIDEL FINKLE,
JASON MENARD, COOK COUNTY
STATE'S ATTORNEY'S OFFICE,
KIMBERLY M. FOXX, OFFICE OF THE
STATE APPELLATE DEFENDER,
JAMES E. CHADD, IAN JACKSON,
CITY OF CHICAGO, COOK COUNTY
OF ILLINOIS, CIRCUIT COURT OF COOK
COUNTY, FORENSIC CLINICAL SERVICES,
LAW OFFICE OF THE COOK COUNTY
PUBLIC DEFENDER, and
DOES 1 THROUGH 19,

                Defendants.

---

      Plaintiff Khor Chin Lim has filed a civil rights complaint against former President Barack Obama along with twenty-five other defendants. Lim alleges that defendants have conspired to harass and abuse him in diverse ways, including to ensure a wrongful criminal conviction in 2012 and to cause him financial harm. For the following reasons, this complaint will be dismissed.

Lim is proceeding *pro se* and has paid the filing fee.[1]  Regardless, federal courts "have the power to screen complaints filed by all litigants, prisoners and non-prisoners alike, regardless of fee status." *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999).  "But when the plaintiff is not proceeding in forma pauperis, *only* frivolousness can justify the sua sponte dismissal without giving notice and the opportunity to respond." *Weinschenk v. CIA*, 818 F. App'x 557, 558 (7th Cir. 2020) (citing *Aljabri v. Holder*, 745 F.3d 816, 819 (7th Cir. 2014); *Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003)).  "[A] court may dismiss a claim as factually frivolous only if the facts alleged are 'clearly baseless,' a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'  As those words suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).

Although *pro se* pleadings are entitled to a liberal construction, *Haines v. Kerner*, 404 U.S. 519, 521 (1972), Lim's complaint is frivolous.  The court understands the complaint to be alleging that former President Barack Obama and defendant Goh Chok Tong, a resident of Singapore, are the hub of a sweeping international conspiracy with roots in a lawsuit brought by Lim's former employer in Singapore in 1992.  Lim alleges that over the

---

[1] Because Lim has filed at least three cases in this court that have been deemed frivolous, he is restricted from filing new cases without paying the full filing fee.  *E.g.*, *Lim v. Walker*, no. 12-cv-625; *Lim v. Walker*, no. 12-cv-552; *Lim v. Walker*, no. 12-cv-492; *Lim v. City of Chicago*, no. 13-cv-347.  Lim has a history of filing frivolous lawsuits in other federal district courts as well, also describing conspiracies.  *E.g.*, *Lim v. BMO Financial Group*, No. 11-cv-666 (E.D. Wis. Jan. 19, 2012); *Lim v. Walker*, No. 11-cv-708 (E.D. Wis. Sept. 14, 2011); *Lim v. Courtcall, Inc.*, No. 11-cv-748 (E.D. Wis. April 30, 2011); *Lim v. Staples Inc.*, No. 11-cv-866 (E.D. Wis. Nov. 17, 2011); *Lim v. Courtcall, Inc.*, No. 12-cv-5 (E.D. Wis. Jan. 19, 2012); *Lim v. JP Morgan Chase Bank, N.A.*, No. 21-cv-01277 (E.D. Wis. Dec. 2, 2021).

years he has suffered "persecution" as a result of this conspiracy in Milwaukee, Australia, California, Iowa, and Los Angeles, among other places. (Dkt. #1 at 13.) The conspiracy has allegedly grown to also involve the CEO of JP Morgan Chase, a former assistant professor of finance at the University of Milwaukee who gave Lim a failing exam grade in 1996, a psychiatrist, and several judges, police officers, prosecutors, and public defenders, all working to wrongly convict Lim in 2012 of possessing Molotov cocktails ("12 bottles of gasoline with wicks attached"), prevent his ongoing attempts to appeal, and cause Lim emotional and financial harm. (Dkt. #1 at 15.) Lim accuses all defendants of conspiracy and intentional infliction of emotional distress, various combinations of defendants with engaging in deceit, fraud, intentional misrepresentation, breach of contract, breach of fiduciary duties, abuse of legal process, and his bank of unlawfully releasing his private consumer financial information. (Dkt. #1 at 23-27.) He seeks injunctive relief, compensatory and punitive damages, and an order dismissing his 2012 criminal case, preventing certain defendants from opposing his request for postconviction relief, and requiring defendant Tong to publish an apology in a Singapore English-language newspaper and on Facebook for two weeks. (Dkt. #1 at 30-31.)

To proceed with a complaint alleging "a vast, encompassing conspiracy," a plaintiff must meet "a high standard of plausibility." *Cooney v. Rossiter*, 583 F.3d 967, 971 (7th Cir. 2009). Lim falls far short of that standard. Unfortunately, he repeats many of the same allegations he has made in at least one other lawsuit recently filed and dismissed as frivolous in another federal district court. *Lim v. JP Morgan Chase Bank, N.A.*, No. 21-cv-01277 (E.D. Wis. Dec. 2, 2021). This court has explained to Lim that repetitive allegations

of this sort "are considered malicious and are not allowed." *Lim v. Walker*, No. 12-cv-625 (W.D. Wis. Sept. 18, 2012) (dkt. #7 at 13) (citing *Lindell v. McCallum*, 352 F.3d 1107, 1109-10 (7th Cir. 2003)).

More to the point, Lim's current complaint is frivolous. Lim appears to believe the things he is alleging, but from a neutral perspective, most of his allegations have no possible merit and are often "wholly incredible." *Hernandez*, 504 U.S. at 33. Indeed, no reasonable person would believe that former President Barack Obama has conspired with defendant Tong and so many others over so many years and in so many places to cause Lim's criminal conviction in Illinois and thwart his appeals, among other things. Accordingly, Lim's federal law claims will be dismissed as frivolous. To the extent Lim's allegations arise under state law, the court declines to exercise supplemental jurisdiction over them in the absence of an actionable or non-frivolous federal law claim, so they will also be dismissed. *Ridings v. Riverside Medical Center*, 537 F.3d 755, 772 (7th Cir. 2008).

The court reminds Lim that he remains a restricted filer in this judicial district. *Lim v. City of Chi.*, No. 13-cv-347-bbc, 2013 WL 3967889, at *1 (W.D. Wis. July 31, 2013) ("[Lim] is restricted from filing new cases without paying the full filing fee because he has filed at least three cases in this court that have been deemed frivolous"). This means, as the court has previously explained, that except for a properly filed notice of appeal, any motions, complaints, or other materials he files here will be docketed and sent to chambers for review. *Lim v. Walker*, No. 12-cv-552 (W.D. Wis. Aug. 8, 2012) (dkt. #22 at 3). The court will address only those submissions that seem to have any plausible merit and will summarily deny or dismiss those that do not.

ORDER

IT IS ORDERED that this case is DISMISSED.

Entered this 15th day of December, 2021.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge